UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ASHLEY MATTIO and JESSE MATTIO )
)
v. ) NO. 2:11-CV-232
)
JOHN WALLACE )

**O R D E R**

This is a suit for personal injury sustained by the plaintiff Ashley Mattio in an automobile accident. Plaintiffs' attorney retained Dr. William Kennedy, an orthopaedic surgeon, to medically examine Ms. Mattio and then offer his opinion regarding the nature and extent of the injury sustained by her. Presumably, Dr. Kennedy is expected to testify before the jury, assuming the case is not settled.

The plaintiffs have filed a motion *in limine* to preclude defendant's counsel from cross examining Dr. Kennedy, or offering any evidence, regarding Dr. Kennedy's suspension of membership in the American Academy of Orthopaedic Surgeons. (Doc. 23).

In 2006, Dr. Kennedy was retained as an expert witness in a medical malpractice suit. As pertinent to this motion *in limine,* he testified in that malpractice suit that one of the defendant physicians, Dr. Smith, was a "co-surgeon" with the primary operating surgeon, as opposed to being merely an "assisting" surgeon. The difference between those two statuses is extremely important with respect to responsibilities during the surgery and, ultimately, with respect to legal liability if the surgery goes awry. After that suit was concluded, Dr.

Smith filed a formal complaint with the American Academy of Orthopaedic Surgeons that Dr. Kennedy's testimony – that Smith was a "co-surgeon" – was an intentional falsehood. The Academy's Committee on Professionalism ultimately convened a hearing, at which Dr. Kennedy appeared. That Committee later concluded that Dr. Kennedy knowingly provided false testimony in a medical malpractice case, and that the opinions he offered were not fair and impartial. As a sanction, the Academy suspended Dr. Kennedy from membership for one year.

In their motion *in limine,* plaintiffs argue that any probative value of the Academy's conclusions regarding Dr. Kennedy's testimony in the malpractice case, and his suspension from membership in the Academy, would be outweighed by the danger of unfair prejudice to the plaintiffs; will confuse the issues at trial; and ultimately would be a waste of the court's time, relying on F.R.E. 403.

In any trial, credibility of the witnesses is certainly one of the most important issues, if not the most important.

Dr. Kennedy's particular professional circumstances cannot be ignored. He is not a physician who treats patients for his living and, because of the doctor-patient relationship, is compelled to testify in tort litigation involving a patient. Dr. Kennedy no longer practices medicine in the usual sense; he generates a sizable income by examining one party or the other (usually the plaintiff) in a lawsuit and then testifying about his opinions. He is a professional witness, and for that reason his potential bias – his credibility – is already more tenuous than that of a physician-witness who has not been specially retained to testify.

Dr. Kennedy admitted to the Committee on Professionalism of the American Academy of Orthopaedic Surgeons that he gave false testimony in a medical malpractice case in which he had been hired as an expert. The fact that Dr. Kennedy's false testimony in that suit concerned only the medical "status" of one of the defendant surgeons is irrelevant, since that status was a critical issue in the suit, and Dr. Kennedy testified falsely. That false testimony clearly favored the malpractice plaintiff to the detriment of the defendant surgeon.

The court is not unmindful that arguably the Academy itself could have been biased, resentful that a fellow orthopaedic surgeon would make a living by testifying against other surgeons, and therefore inclined to unfairly label Dr. Kennedy's false testimony as "knowing." Perhaps so, but that is a matter for the jury to decide. Moreover, lest it be overlooked, Dr. Kennedy did not appeal the Committee's conclusions, a tacit admission of their correctness.

Plaintiff's motion *in limine,* (Doc. 23), is DENIED.

SO ORDERED:

                                       s/ Dennis H. Inman
                                       United States Magistrate Judge