UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ASHLEY MATTIO and )
JESSE MATTIO, )
 )
    Plaintiffs, )
 )
 ) Civil Action No. 2:11-CV-232
vs. )
 )
JOHN WALLACE, )
 )
    Defendant. )

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE FROM USE OR REFERENCE TO AT TRIAL DEPOSITION EXCERPTS OF ASHLEY MATTIO

The plaintiffs request that page 17, lines 15 through 21 of Ashley Mattio's deposition taken on April 13, 2012 not be used or referenced at trial on the following grounds:

1.    The defendant's lawyer did not provide the medical record of Dr. Palmisano (Exhibit 1) to the plaintiff's attorneys prior to the deposition of Ashley Mattio or Dr. Wallace. (Exhibit 2 / Doc. 69)

2.    As a result of the medical record of Dr. Palmisano not being provided by the defendant's lawyer the plaintiffs were permitted to re-depose Dr. Wallace. (Exhibit 2 / Doc. 69)

3.    When he deposed Mrs. Mattio on April 13, 2012, the defendant's lawyer had the medical record of Dr. Palmisano but ... *the plaintiff's attorney's did not*. (Exhibit 2 / Doc. 69)

4.    The medical record of Dr. Palmisano that was not provided to the plaintiff's attorneys states:

> "She has had some mild *chronic low back pain* ..." (Exhibit 1)

5. The defendant's lawyer *interrupted* Mrs. Mattio while she was answering the question presented by the defendant's lawyer. The, the defendant's lawyer *suggested* in his own words:

> "... what you're saying is that you've never had any history of <u>*chronic low-back pain*</u>?" (Exhibit 3)

6. How unusual for the defendant's lawyer to *suggest* the same *identical* language from the medical record that was not provided to the plaintiff's attorneys and to *interrupt* Mrs. Mattio while she was providing a perfectly adequate response to the question asked by the defendant's lawyer ... is this coincidence?

7. The plaintiffs submit it is highly unlikely that this was coincidence. Also, it would be unfair for the defendant to benefit from his lawyer framing the evidence identically from the same language in the medical record that only the defendant's lawyer had.

8. The defendant's lawyer received a response to questions he asked Mrs. Mattio about back pain prior to the wreck without having to interrupt Mrs. Mattio and "put words in her mouth" that only the defendant's lawyer knew at that time were identical to the words in the medical record. Accordingly, the defendant will not be prejudiced by excluding page 17, lines 15 through 21 of Mrs. Mattio's deposition. (Exhibit 3)

9. In the event the Court disagrees that it would be unfair to permit the defendant's lawyer to use page 17, lines 15 through 21 of Ashley Mattio's deposition at trial, the plaintiff's request that they be permitted to present to the jury the circumstances of (1) the defendant's lawyer not providing the medical record to the plaintiff's attorneys and how the specific words "chronic low back pain" came to be used by the defendant's lawyer when deposing Mrs. Mattio,

(2) how the defendant's lawyer accused the plaintiff's attorneys and the plaintiff of not providing the medical record to Dr. Wallace and (3) the order allowing the plaintiffs to re-depose Dr. Wallace.

**WHEREFORE**, the plaintiffs request that page 17, lines 15 through 21 of Ashley Mattio's deposition be excluded from use or reference at trial, or alternatively that the plaintiff's be permitted to present to the jury the circumstances of (1) the defendant's lawyer not providing the medical record to the plaintiff's attorneys and how the specific words "chronic low back pain" came to be used by the defendant's lawyer when deposing Mrs. Mattio, (2) how the defendant's lawyer accused the plaintiff's attorneys and the plaintiff of not providing the medical record to Dr. Wallace and (3) the order allowing the plaintiffs to re-depose Dr. Wallace.

Respectfully submitted,

s/ Larry V. Roberts
Larry V. Roberts, (BPR # 015873)
The Roberts Law Firm
Attorney for Plaintiffs
106 Pinnacle Drive, Suite 108
Johnson City, TN 37615
(423) 282-9697

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Larry V. Roberts
Larry V. Roberts, (BPR # 015873)
The Roberts Law Firm
Attorney for Plaintiffs
106 Pinnacle Drive, Suite 108
Johnson City, TN 37615
(423) 282-9697